# MARCUS A. NUSSBAUM, ESQ.

Attorney & Counselor-at-Law　　　　　　　　　　　　　　　　　　　　　　3059 Brighton 7th Street, Fl. 1
* Admitted in NY and NJ　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Brooklyn, NY 11235
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tel.: (201) 956-7071
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax : (888) 432-1822
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: marcus.nussbaum@gmail.com

February 13, 2024

Chief Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**　*Transatlantic Auto Group, Inc. et al v. Unitrans-Pra Co., Inc. et al.*
　　　　Case No. 1:08-cv-05070

Dear Honorable Magistrate Judge Pollak,

　　　　I represent Third-Party Plaintiff Unitrans-Pra Co., Inc. ("Unitrans") and I write to the Court in opposition to the letter request by Third-Party Defendant Bronislav Futerman for a pre-motion conference in anticipation of filing a Motion to Vacate the Default Judgment granted against him over ten (10) years ago.

　　　　It is respectfully submitted that defendant Futerman's request for a pre-motion conference should not be granted. In the first instance, and as set forth in detail below, defendant Futerman has failed to provide sufficient grounds which would warrant vacating the default judgment under Rule 60(b)(4) for lack of jurisdiction, as well as Rule 55(c) for good cause, notwithstanding the fact that that service was proper under Rule 4(e). Additionally, vacating the judgment after over a decade of delay by Defendant Futerman would significantly prejudice Unitrans and the other parties to this litigation. Also, and as set forth in detail below, Futerman's deliberate failure to include Unitrans as a creditor in Futerman's Bankruptcy case is fatal to Futerman's argument that the Unitrans judgment was discharged.

　　　　First, this Honorable Court is respectfully asked to note that defendant Futerman's instant application disingenuously claims that Futerman's ignorance of these proceedings (***for over a decade***) and the (successful) service of the Third-Party Summons and Complaint was not "willful". Annexed hereto as **Exhibit "A"** for the Court's reference is a copy of a letter dated January 8, 2013 by Futerman's former counsel, Louis Simonetti, Jr. Esq., which back then sought the very same relief that Futerman seeks once more from this Court, which is, to wit: to vacate the Summary Order Adopting Report and Recommendation and granting said default judgment against Futerman one year prior. Notwithstanding the fact that this letter is demonstrative of Futerman's knowledge of the existence of the default judgment against him *for over ten (10) years*, the Court's refusal to act on that now ancient request for a pre-motion conference is also telling. The fact that the Court declined to act on Futerman's application in 2013 can be construed as a denial of Futerman's request for a pre-motion conference, which should be denied once more for numerous reasons.

In fact, Futerman took no further action in seeking to vacate the default judgment up until the beginning of 2024 in response to Unitrans' recent efforts to enforce the judgment (in the sum of $219,939.50) by docketing the judgment in Futerman's home state of North Carolina, where Futerman has already begun his efforts to fraudulently convey the real properties owned by him personally in North Carolina, to a corporation owned by him, for no consideration, in an obvious attempt to render himself judgment proof and evade his creditors. Annexed hereto as **Exhibit "B"** for the Court's reference is a copy of the Affidavit to Docket the Foreign Judgment by Unitrans' Counsel in North Carolina filed on November 28, 2023, together with **Exhibit "C"** which is a Quit Claim Deed dated November 17, 2023 indicating that days before, Futerman deeded multiple properties owned by him personally to "Polar Bear Management Group, LLC" which has the same address as Futerman's residential address.[1]

Now that the Court has been apprised as to Futerman's true motives, which is to defraud the Court, evade his creditors and erode what should be considered the certainty and finality of these proceedings and the orders and judgments which resulted in the disposition of this litigation, Unitrans addresses briefly the failed arguments proffered by Futerman on the issues of service of process, this Court's jurisdiction over his person, any alleged meritorious defense, as well as the severe prejudice to Unitrans resulting from reviving this case from the dead which Futerman disingenuously claims would be minimal.

On the issue of service of process, Futerman's alleged smoking gun is his argument that the process server's description of Futerman as a "male with brown skin and black hair – does not match Futerman, who is a white skinned male with black hair" as allegedly evidenced in the photograph of Futerman, which the process referenced in his Affidavit of Service (See Futerman's Exhibits "A" [Affidavit of Service] and "B" [Photograph]). The Court is asked to note that the process server's affidavit specifically states that he "had a photograph of said defendant for the purpose of identification and which is annexed hereto" and that Futerman identified himself to the process server. In any event, the discrepancy between the process server's description and Futerman's appearance alone, is not sufficient to prove improper service. See, United States v. Riser, 2011 U.S. Dist. LEXIS 27000, 2011 WL 1004566, at *3 (E.D.N.Y., 2011) (finding, *inter alia*, defendant's "vague and conclusory" denial of service, ***including that no occupant of residence fit the process server's description***, was insufficient to show improper service) (emphasis added). As a practical matter, the difference between a male with brown skin and black hair and a male with white skin and black hair can easily be the result of lighting or exposure to the sun.

Further and on the issue of Futerman's "vague and conclusory" denial of service, the Court is again respectfully referred to the process server's Affidavit of Service, indicating that Futerman was served on April 8, 2009 at the Supreme Court, Kings County at 360 Adams Street, 3rd Floor, Brooklyn New York, as well as the letter of Joseph De May, Jr. Esq., dated September 11, 2009 (ECF 71) which explains to the Clerk of this Court that Futerman that Futerman was not impermissibly served in a courtroom on April 8, 2009, but rather, that he was served in a

---

[1] Unitrans levied on Futerman's bank accounts in New York prior to November 17, 2023, making Futerman aware that Unitrans was attempting to collect on the judgment.

third floor waiting area of the Courthouse because Unitrans had been otherwise unable to locate him to make service. These two documents should be taken under consideration by this Court together with the annexed printout from Elaw, which the undersigned obtained and is annexed hereto as **Exhibit "D"**, and which indicates that Futerman was indeed present at the Supreme Court, Kings County on April 8, 2009 before the Honorable Judge Delores J. Thomas who oversaw Futerman's divorce trial.

To the extent that Futerman raises the issue of any alleged meritorious defense, it appears that none have been proffered and that Futerman instead focuses on the issue of prejudice to Unitrans which could result if the Court were to vacate the default judgment. It is respectfully submitted that Unitrans agrees, in part, with the metric used by Futerman to measure prejudice, and which is, to wit: that Futerman's delay in vacating the default has indeed resulted in the loss of evidence (over course of the last ten years), that the delay would create increased difficulties of discovery and that it would provide greater opportunities for fraud and collusion. It does not take any mental jumping jacks whatsoever to understand that the documents and evidence in a case disposed of over a decade ago may no longer exist, and that the crucial witnesses in the case are no longer available (or in some instances possibly no longer alive).

Last, and to the extent that Futerman attaches as his Exhibit "D" the Final Decree closing his bankruptcy case, Futerman disingenuously argues that the Third-Party action against him should have been stayed and that the default judgment he now seeks to vacate should have been *void ab initio*. In response to this, Unitrans attaches here for the Court's reference as **Exhibit "E"** the complete 48 page Bankruptcy Petition filed by Futerman in 2011, after the instant action was commenced (after Futerman had knowledge of the instant litigation) and in which Futerman failed to identify Unitrans as a creditor (or potential creditor) and which was never amended to include Unitrans as a creditor in that matter. Accordingly, Futerman cannot reasonably be heard to argue that the closing of his bankruptcy case somehow discharged him of his debt to Unitrans.

In closing, and for the foregoing reasons, Futerman's application for a pre-motion conference should be denied as futile and as a waste of this Court's time on this ancient case which should not be revived from the dead.

We thank the Court for its continued courtesy and consideration in this matter.

Respectfully submitted,

/s/ Marcus Aurelius Nussbaum
Marcus A. Nussbaum, Esq.