

February 21, 2024

**VIA ECF**
Chief Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Transatlantic Auto Group, Inc. et al v. Unitrans-Pra Co., Inc. et al*
              Case No. 1:08-cv-05070-WFK-CLP

Dear Honorable Magistrate Judge Pollak:

    This firm is counsel to Defendant Bronislav Futerman ("Futerman"). I write to the Court in response to the Third-Party Plaintiff's ("Unitrans") opposition to Futerman's letter request for a pre-motion conference entered on 01/04/2024.

    It is respectfully submitted that Futerman's letter motion be granted for the following reasons. In the first instance, Unitrans offered a letter dated January 8th, 2013 by Futerman's alleged former counsel, Louis Simonetti, Jr. Esq., seeking the same relief as our recently filed letter motion. This was the first time this firm had seen this letter as it was never filed on the docket. As a result, this firm contacted both Futerman and Mr. Simonetti, to whom it was also a surprise as they both had no recollection of the letter. Futerman did not recall ever being represented by Mr. Simonetti and Mr. Simonetti had no recollection of preparing said letter and of Futerman as a client. Mr. Simonetti had informed us that even if his firm did send that letter, his firm would have no record of it as it was dated over ten years ago, and his firm only keeps files for up to seven years. As having never been filed in the docket, the Court has never decided on the merits of the letter.

    Additionally, Unitrans offered a copy of the Affidavit to Docket the Foreign Judgement and a Quit Claim Deed allegedly showing Futerman deeding multiple properties owned by him personally to an LLC with the alleged same address as Futerman's residential address. Again, Futerman was unaware of the judgement, had no recollection of Mr. Simonetti representing him or any recollection of the letter allegedly prepared by Mr. Simonetti's firm. As a matter of fact, since learning of the judgement, this firm has begun preparing a motion to reopen Futerman's bankruptcy to add Unitrans as a creditor. Thus, the Court should consider the motion for a pre-motion conference and disregard Unitrans' failed attempt to unveil Futerman's alleged "true motives" as it is false and prejudicial to Futerman.

SINAYSKAYA YUNIVER, P.C.                                                                             steven@sypcl.com



  Moreover, Unitrans has stayed silent on this judgement for over 10 years and has had no communication with Futerman or made any attempts as to the collection of the judgment.

  On the issue of service of process and as set forth in our original letter motion, service of process was not procedurally proper, and the court lacked jurisdiction. Under the due process clause of the fourteenth amendment of the federal Constitution, there is a requirement to give parties "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 1950, 339 U.S. 306, 314 (1950). In fact, Federal Rule of Civil Procedure 12(b) stipulates that a motion to dismiss may be made on the basis of insufficient service of process. See FRCP 12(b)(4). Similarly, service of process requirements have been incorporated under New York State law through CPLR 305-316. Service of process has thus become a necessary notice component in order to satisfy all jurisdiction requirements in commencing legal action. See e.g., *Martino v. Ford,* 261 A.D.2d 516 (N.Y. App. Div. 2d Dep't 1999); *Johnson v. Marquez,* 2 A.D.3d 786 (N.Y. App. Div. 2d Dep't 2003).

  Pursuant to CPLR 308, service of process upon an individual may be made by delivering a copy of the summons, complaint, and accompanying papers within the state to the person to be served. While Unitrans argued that a mere conclusory denial of service will not suffice to rebut a prima facie claim of proper service, "[i]t is the policy of the law to protect suitors and witnesses from arrests upon civil process while coming to and attending the court and while returning home. Upon principle as well as upon authority their immunity from the service of process for the commencement of civil actions against them is absolute eundo, morando et redeundo. This immunity is one of the necessities of the administration of justice, and courts would often be embarrassed if suitors or witnesses, while attending court, could be molested with process." *Person v. Grier,* 66 N.Y. 124, 125 (1876); see also, New England Industries, *Inc. v. Margiotti,* 270 A.D. 488, 60 N.Y.S.2d 430, 1946 N.Y. App. Div. LEXIS 3724 ("suitors as well as witnesses in civil proceedings have been held immune from service of civil process while in attendance upon the court and during a reasonable time in coming and going."); *Sampson v. Graves,* 208 A.D. 522, 1924 N.Y. App. Div. LEXIS 5080, 203 N.Y.S. 729 ("[t]he policy of this State by which immunity from the service of civil process was declared to extend to parties as well as to witnesses was laid down in Person v. Grier (66 N. Y. 124))."

  In the present matter, the letter explaining the service of process on Futerman explains that Futerman was served on April 8, 2009 "in a third floor waiting area of the Courthouse." As Unitrans pointed out, Futerman was in attendance as a party to his own divorce trial. Futerman hadn't even left the courthouse. Pursuant to the decision in Person, Futerman has a right to be protected from "arrests upon civil process while coming to and attending the court and while returning home." Person v. Grier, 66 N.Y. 124, 125 (1876). This right to "immunity from the service of process for the

SINAYSKAYA YUNIVER, P.C.    steven@sypcl.com

710 AVENUE U · BROOKLYN, NEW YORK 11223    TELEPHONE: 1(718)402-2240
49 WEST 37th. STREET · NEW YORK, NEW YORK 10018    FACSIMILE 1(718)305-4571



commencement of civil actions... is one of the necessities of the administration of justice." *Id.; see also, New England Industries, Inc. v. Margiotti,* 270 A.D. 488, 60 N.Y.S.2d 430, 1946 N.Y. App. Div. LEXIS 3724; *Sampson v. Graves,* 208 A.D. 522, 1924 N.Y. App. Div. LEXIS 5080, 203 N.Y.S. 729. Without this immunity, parties such as Futerman would be "prevented from attending [court], and delays might ensue or injustice be done." Person, 66 N. Y. at 126. Moreover, Futerman's appearance in his divorce trial was absolutely necessary to the court in the performance of its function of administering justice. Whether or not he was served in the court room or in the waiting room is irrelevant because it would still cause an interruption to Futerman who was appearing on his own behalf. The privilege is not a creature of statute but was created and deemed necessary for the due administration of justice. *See Matthews v. Tufts,* 87 N.Y. 568 (1882).

Therefore, as a matter of both law and policy, Futerman's application for a letter motion to vacate should be granted as the court lacked jurisdiction due to insufficient service of process.

Respectfully submitted,

*/s/ Steven Yuniver*
Steven Yuniver, Esq.
SINAYSKAYA YUNIVER, P.C.
710 Avenue U
Brooklyn, NY 11223
T: (718) 402-2240
F: (718) 305-4571
E: steven@spycl.com

SINAYSKAYA YUNIVER, P.C.                                            steven@sypcl.com

710 AVENUE U · BROOKLYN, NEW YORK 11223                              TELEPHONE: 1(718)402-2240
49 WEST 37th. STREET · NEW YORK, NEW YORK 10018                      FACSIMILE 1(718)305-4571