UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TRANSATLANTIC AUTO GROUP, INC.,
*et al.*,

                Plaintiffs,

                v.

UNITRANS-PRA CO., INC.,
*et al.*,

                Defendants.
-------------------------------------------------------------X

**DECISION & ORDER**
08-CV-5070 (WFK) (CLP)

**WILLIAM F. KUNTZ, II, United States District Judge:**

      On February 10, 2009, Unitrans-Pra Co., Inc. ("Unitrans") and five other defendants (collectively, the "Unitrans Defendants") filed a Third-Party Complaint against Bronislav Futerman ("Futerman") in connection with the above-captioned action. Third-Party Compl., ECF No. 37. On September 9, 2011, the Honorable Magistrate Judge Cheryl L. Pollak issued a Report and Recommendation ("R&R") recommending Futerman be found in default judgment and held liable to the Unitrans Defendants in the amount of $219,939.50. *See generally* Default Judgment R&R, ECF No. 123. On September 29, 2011, the Honorable Dora L. Irizzary adopted the R&R as to Futerman. Order, ECF No. 126.

      On February 21, 2025, Futerman moved to vacate default judgment, arguing: (1) he was not properly served with the Third-Party Summons and Complaint; and (2) even if he had been, the Court should set aside default judgment pursuant to Fed. R. Civ. P. 55(c) and 60(b). Futerman Mot., ECF No. 151-16. On July 28, 2025, Magistrate Judge Pollak issued an R&R recommending the Court deny Futerman's motion to vacate default judgment. R&R, ECF No. 154. On August 11, 2025, Futerman timely filed objections to the R&R, arguing the Court erred

1

on several of its legal and factual conclusions. Obj., ECF No. 155. On August 25, 2025, Third-Party Plaintiff Unitrans replied to Futerman's objections. Unitrans Reply, ECF No. 156.

The Court reviews *de novo* any contested sections of an R&R. 28 U.S.C. § 636(b)(1)(C). Upon reviewing objections to an R&R, the Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *Id.* But "[w]here 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error.'" *Norman v. Metro. Transp. Auth.*, 13-CV-1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (internal citation omitted).

## ANALYSIS

Futerman's objections to the R&R largely rehash the two main arguments propounded in his motion to vacate default judgment: (1) the default judgment is void under Fed. R. Civ. P. 60(b)(4) for lack of proper service; and (2) the discretionary factors set forth in Fed. R. Civ. P. 60(b) justify relief. Ultimately, these arguments are not meritorious whether reviewing *de novo* or for clear error.

### A. Futerman Was Properly Served.

First, Futerman contends Magistrate Judge Pollak erred in finding default judgment was not void under Fed. R. Civ. P. 60(b)(4). Specifically, Futerman claims Magistrate Judge Pollak should not have credited the process server's affidavit—which attests Futerman was served at the Kings County Supreme Court—because Futerman's "position has always been that he was never served." Obj. at 5–6, 8. Additionally, Futerman, who is "a white-skinned male," takes issue with the process server's description of a "male with brown skin." *See id.* at 6–7. Futerman

2

argues this inaccurate physical description suggests the process server identified, and served, the wrong person. *Id.*

Futerman's denial of having been served, coupled with a minor discrepancy in the process server's affidavit, is insufficient to rebut the presumption of proper service. A process server's affidavit indicating the proper party was served constitutes "prima facie evidence of proper service[,] and the appellant's conclusory denial of receipt of the summons and complaint [is] insufficient to raise any issue of fact." *Sando Realty Corp. v. Aris*, 619 N.Y.S.2d 140, 141 (2d Dep't 1994); *Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc.*, 301 F.3d 54, 58 (2d Cir. 2002) ("A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit . . . where the defendant . . . swear[s] to specific facts to rebut the statements in the process server's affidavits.") (internal citation and quotation marks omitted).

Here, although Futerman contends the process server listed the wrong skin color on the affidavit of service, he does not dispute the process server's description of the height, weight, and hair color of the individual who was served. Other than his skin color, Futerman does not specify how the characteristics described by the process server differed from his own. Therefore, he "fails to swear to specific facts to rebut the statements in the process server's affidavits." *Old Republic Ins. Co.*, 301 F.3d at 58.[1] Indeed, the overall circumstances indicate Futerman was

---

[1] Futerman correctly notes the affidavit of service lacks a photograph of the defendant. *See* Affidavit of Service, ECF No. 66 ("Deponent had a photograph of said defendant for the purpose of identification and which is annexed hereto."). But this deficiency does not "undermine[] the affidavit's credibility," as Futerman says. Obj. at 7. The lack of a photograph is a procedural or technical deficiency, not a substantive inaccuracy.

3

served: (1) Futerman did not deny his presence in the courthouse on April 8, 2009;[2] (2) the process server spoke to the person he was serving, confirming the person was not in active military service; and (3) the process server's description of the individual largely corresponded to Futerman's characteristics. *See* R&R at 9–10. Moreover, Futerman was aware of the suit against his company; he testified in connection with this case. In fact, Futerman never raised the issue of improper service until 2025—fifteen years after the fact. Because the inaccurate description of one physical characteristic on the process server's affidavit does not rebut the presumption of proper service, this Court need not hold a traverse hearing. *Old Republic Ins. Co.*, 301 F.3d at 58; *see also Hicks v. Leslie Feely Fine Art, LLC*, 20-CV-1991, 2021 WL 982298, at *7 (S.D.N.Y. Mar. 16, 2021) (Ramos, J.) (finding corporate defendant failed to adequately rebut the presumption of proper service where it disputed the "employment [of the person who was served] and [their] general affiliation with the defendant" but not "specific facts in the process server's affidavit regarding [the person's] appearance or whether anyone by [their name] worked [there] or was affiliated in any capacity"). Having independently reviewed the parties' arguments, the Court finds Magistrate Judge Pollak properly determined "there is no reason to vacate the default judgment based on [Futerman's] challenge to the process server's description of his skin color." R&R at 11.

Second, even if the Court finds Futerman did not rebut the presumption of proper service, Futerman contends service of civil process in the courthouse was inappropriate under New York law. Obj. at 9–12. Futerman's argument that *all* individuals attending court proceedings in New York are immune from service of process is legally incorrect. Generally, the courthouse

---

[2] However, Futerman states he is "prepared, if permitted, to submit a supplemental declaration expressly denying that he was present or served on April 8, 2009, . . . at the Kings County Supreme Court." Obj. at 9.

4

sanctuary doctrine applies to non-residents only. *Patel v. Molner*, 2019 WL 3254991, at *1 (N.Y. Sup. Ct. July 19, 2019) ("A party can only avail itself of an immunity to service in a courthouse defense if they are (1) a nonresident of New York (2) whose sole reason in appearing is to attend legal proceedings and (3) there are no other means of acquiring jurisdiction over the person other than personal service in New York.") (citing *Brause 59 Co. v. Bridgemarket Assocs.*, 216 A.D.2d 200 (1st Dep't 1995)). Magistrate Judge Pollak cited numerous New York state court decisions with the same holding. *See* R&R at 12–13.[3] Because Unitrans has alleged Futerman is a New York resident, *see* Third-Party Compl. ¶ 4, Magistrate Judge Pollak appropriately rejected this argument as a ground for vacating default judgment.

### B. Futerman Fails to Provide Other Evidence to Justify Vacating Default Judgment.

Having found the default judgment was not void for lack of proper service, Magistrate Judge Pollak considered whether there was any other basis on which to recommend vacatur. *See* R&R at 15. Under Fed. R. Civ. P. 60(b), the Court may vacate default judgment for "mistake, inadvertence, surprise, [] excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). In determining whether to vacate default judgment, district courts weigh the following factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is present." *Circuito Cerrado, Inc. v. Velasquez*, 296 F.R.D. 122, 125 (E.D.N.Y. 2013) (Wexler, J.) (internal citation and quotation marks omitted).

Magistrate Judge Pollak considered the history of this litigation, including: (1) a 2013 letter allegedly written by Futerman's prior counsel, which was never filed with the Court,

---

[3] Notably, she also addressed the *North Fork Bank* decision, which came to the opposite conclusion after dealing with a different factual scenario. *See* R&R at 12–13 & n.9.

requesting permission to move to set aside default judgment; and (2) a 2023 alleged fraudulent conveyance to render Futerman judgment proof. R&R at 15–17; *see* Cherkassky Decl., Ex. A, ECF No. 143-1 (letter from Futerman's prior counsel); Obj. at 14 (explaining the letter was never filed with the Court). Magistrate Judge Pollak also evaluated Unitrans's decade-long reliance on the judgment against Futerman. R&R at 17. Taking all of these into account, Magistrate Judge Pollak determined "Unitrans would suffer prejudice if this 17-year-old case was reopened," and "Futerman has failed to provide any facts or evidence to support a finding that he has a meritorious defense to the claims." *Id.* at 16. This Court agrees.

Finally, the Court does not address or consider Futerman's newly asserted defenses, which were not properly raised before Magistrate Judge Pollack. *See United States v. Veeraswamy*, 765 F. Supp. 3d 168, 180–81 (E.D.N.Y. 2025) (Kovner, J.), *adopting report and recommendation* ("[District courts] will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."). In his proceedings before Magistrate Judge Pollack, Futerman only claimed the defenses of improper service and lack of notice. *Compare* Obj. at 16–17 (discussing the impropriety of piercing the corporate veil and the absence of facts to support a showing of fraudulent conduct under New York law) *with* Futerman Mot. at 13–17 (raising different, allegedly meritorious defenses). Accordingly, this Court only considers properly raised defenses in rejecting Futerman's objections to the R&R.

## CONCLUSION

The Court **ADOPTS** the R&R in its entirety and **DENIES** Futerman's motion to vacate default judgment. The Clerk of Court is respectfully directed to resolve the corresponding pending motions at ECF Nos. 151 and 154.

6

SO ORDERED.

**s/WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 20, 2025
 Brooklyn, New York